UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SHIQUAN BELLAMY,

                 Petitioner,

v.

RAYMOND ROYCE, *et al.*,

                 Respondents.

Civ. Action No. 21-15256 (JXN)

**OPINION**

**NEALS**, District Judge:

    Petitioner Shiquan Bellamy ("Petitioner"), an individual currently confined at New Jersey State Prison in Trenton, New Jersey, filed the instant petition for a writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254 challenging his 2014 state conviction for multiple counts of aggravated manslaughter, N.J. Stat. § 2C:11-4(a). (ECF No. 1). The Court issued an Order to Show Cause as to why the Court should not dismiss this matter as untimely. (ECF No. 2.) Petitioner filed a response on December 14, 2021. (ECF No. 3.) For the reasons expressed below, the Court dismisses the Petition as time barred and denies a certificate of appealability.

**I. BACKGROUND**

    Two indictments charged Petitioner with three homicides and other related charges from events transpiring in February and March of 2010. *See State v. Bellamy*, No. A-3950-18T1, 2020 WL 588486, at *1 (N.J. Super. Ct. App. Div. Oct. 5, 2020). On November 29, 2010, Petitioner pled guilty to two counts of aggravated manslaughter (amended count one and amended count two), N.J.S.A. § 2C:11-4A, in Hudson County Indictment No. 10-10-01805-I, and one count of

aggravated manslaughter (amended count one), N.J.S.A. § 2C:11-4A, in Hudson County Indictment No. 10-11-02041-I. (*See* ECF No. 3, at 13-19.) On September 11, 2014, Petitioner was sentenced to three concurrent terms of twenty-five-years imprisonment, subject to an eighty-five percent parole ineligibility period under the No Early Release Act, N.J.S.A. § 2C:43-7.2, and five years of parole supervision on each amended count. (*Id.*) These sentences were to run consecutive to the two life sentences Petitioner was already serving. (*See id.*) The judgement of conviction was signed by the sentencing judge on September 26, 2014. (*See id.*, at 15, 19.)

Petitioner did not file a notice of appeal. (*See* ECF No. 1, at 3.) On January 18, 2018, Petitioner filed a *pro se* petition for post-conviction relief ("PCR"). (*See* ECF No. 3, at 21-34.) On March 15, 2019, following oral argument, the PCR court denied his petition. (*Id.*, at 35.) Petitioner filed a notice of appeal with the New Jersey Superior Court, Appellate Division on May 13, 2019. (*Id.*, at 36-42.) On October 5, 2020, the Appellate Division affirmed the PCR court denial. *Bellamy*, 2020 WL 588486, at *7. On October 13, 2020, Petitioner filed a petition for certification with the New Jersey Supreme Court (*Id.*, at 51), which was denied on January 19, 2021. *State v. Bellamy*, 243 A.3d 935, 936 (N.J. 2021).

On August 2, 2021, Petitioner filed a second PCR petition before the New Jersey Superior Court. (*See* ECF No. 3, at 55-64.) On November 5, 2021, the PCR court dismissed Petitioner's second PCR petition as barred under New Jersey Court Rule 3:22-4. (*Id.*, at 65-66.) Petitioner does not indicate if he filed a notice of appeal to the Appellate Division.

On August 4, 2021, Petitioner filed his instant habeas Petition, raising four grounds for relief. (ECF No. 1.) On November 9, 2021, the Court filed an Order to Show Cause as to why the Court should not dismiss this matter as untimely. (ECF No. 2.) Petitioner has filed a response. (ECF No. 3.)

2

## II. ANAYLSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitation on a petitioner seeking to challenge his state conviction and sentence through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*; *see also Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). "[T]he statute of limitations set out in § 2244(d)(1) should be applied on a claim-by-claim basis." *Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004).

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012).

3

Here, Petitioner's conviction became final on November 10, 2014, after the forty-five-day period for seeking direct review expired, because Petitioner did not appeal his judgment of conviction. (*See* ECF No. 1., at 3); *see also See* N.J. Ct. R. 2:4-1(a). The one-year limitations period for filing a timely federal habeas petition, unless tolled, would therefore have expired one year later on November 10, 2015. *See* § 2244(d)(1)(A). Petitioner did not file his Petition until August 4, 2021, and as discussed more fully below, nothing in the record indicates that the limitations period was tolled. Therefore, Petitioner's Petition is untimely.

### A. Statutory Tolling

The AEDPA limitations period is tolled during the time a properly filed PCR petition is pending in the state courts. 28 U.S.C. § 2244(d)(2); *see also Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 121 (3d Cir. 2017); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013). A properly filed application is one that the Court accepted for filing by the appropriate court officer and the Petitioner filed the application within the time limits prescribed by the relevant jurisdiction. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005). In New Jersey, petitioners have five years from the date the trial court enters a judgment of conviction to file a PCR petition.  *See* N.J. Ct. R. 3:22-12(a).

A timely PCR petition filed during the AEDPA's one-year limitations period will toll the limitations period; a PCR petition filed after the expiration of the one-year limitations period, however, will not revive that one-year period. *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and, in any event, the limitations period had already run when it was filed."); *see also, e.g.*, *Rodriguez v. New Jersey*, No. 18-12570, 2019 WL 2193498, at *2 (D.N.J. May 20, 2019); *Banks v. Pierce*, No. 17-2961, 2018 WL 1446402,

at *3 (D.N.J. Mar. 23, 2018); *Shoatz v. DiGuglielmo*, No 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("[B]ecause all of petitioner's subsequent PCR[] petitions were filed after his one-year limitation period expired . . . none of these filings entitle petitioner to statutory tolling, regardless of their disposition.").

In the present case, Petitioner filed his first PCR petition on January 18, 2018, over two years after his AEDPA one-year limitations period had run on November 10, 2015. Accordingly, Petitioner's PCR petition and related proceedings had no effect on his AEDPA limitations period and statutory tolling was not available.

### B.  Equitable Tolling

Petitioner argues that he is entitled to equitable tolling based on inaccurate advice provided to him by plea counsel.

In *Holland v. Florida*, the Supreme Court held AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649-50 (2010); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuiglielmo*, 544 U.S. 408, 418 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross*, 712 F.3d at 799 (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

5

For equitable tolling to apply, the Third Circuit has required a showing of reasonable diligence:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence, [citing *Holland*, 560 U.S. at 653]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). . . . The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d at 799. Courts should examine reasonable diligence under a subjective test and consider it in light of the particular circumstances of the case. *Id.*

A court also must determine whether extraordinary circumstances exist to warrant equitable tolling. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "[F]or a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross*, 712 F.3d at 803. "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* at 803 n.29 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time

6

notwithstanding the extraordinary circumstances." *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

In his reply, Petitioner argues that he should be entitled to equitable tolling because his plea counsel misadvised him regarding the AEDPA limitations period. (*See* ECF No. 3, at 1-2.) Petitioner claims plea counsel misadvised him that he had five years to file a PCR petition and after the conclusion of that petition, "he had [] until one (1) year to file [a] petition for habeas corpus." (*Id.*, at 1.) Petitioner also claims that counsel "misadvised [him] that every time an application is filed within the one-year tolling, that while the court is reviewing the application, the one-year time limit for habeas corpus did not count." (*Id.*, at 2.) The Court notes that Petitioner's second statement appears to acknowledge that counsel advised Petitioner that an application "filed within the one-year tolling" period, would toll his AEDPA one-year limitations period.

Even if the Court were to assume for argument's sake that counsel did misadvise Petitioner about the appropriate filing requirements that would toll his AEDPA limitations period, the Supreme Court has held that generally, a petitioner's attorney's excusable neglect does not present an extraordinary circumstance meriting equitable tolling. *Holland*, 560 U.S. at 651 (citations omitted). As a result, under *Holland*, Petitioner's lack of knowledge regarding the law, or even his state court counsel's ignorance of the law does not constitute extraordinary circumstances. "In non-capital cases, 'attorney error, miscalculation, inadequate research, or other mistakes have not been found [by this Court] to rise to the extraordinary circumstances required for equitable tolling.'" *United States v. Bendolph*, 409 F.3d 155, 170 (3d Cir. 2005) (citing *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001)); *see also Merritt v. Blaine*, 326 F.3d 157, 170 (3d Cir. 2003) (no equitable tolling based on confusion regarding law); *Johnson v. Hendricks*, 314 F.3d 159, 163 (3d

Cir. 2002) (joining other courts in rejecting the argument "that an attorney's mistake in determining the date a habeas petition is due constitutes extraordinary circumstances for purposes of equitable tolling").

Petitioner's assertion that his attorney told him that he would be able to file a § 2254 petition after his PCR proceedings concluded does not satisfy the "extraordinary circumstances" prong of equitable tolling. *Johnson*, 314 F.3d at 163; s*ee Holland*, 560 U.S. at 651-52 (a "garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, does not warrant equitable tolling.") (internal quotation marks omitted). Moreover, Petitioner has not shown why he was otherwise unable to file his § 2254 petition by November 10, 2015. Accordingly, Petitioner is not entitled to equitable tolling and the Court must dismiss the petition with prejudice as time barred.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, a litigant may not appeal from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, the controlling law is clear and jurists of reason would not disagree with this

8

Court's conclusion that the Petition is time barred. Consequently, the Court will not issue a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, the Petition is hereby dismissed with prejudice. A certificate of appealability shall not issue. An appropriate Order accompanies this Opinion.

Dated: March 30, 2022

                                                **JULIEN XAVIER NEALS**
                                                **United States District Judge**